```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


CAP CITY DENTAL LAB, LLC,

          Plaintiff,
                                    Civil Action 2:15-cv-2407
     vs.                            Judge Frost
                                    Magistrate Judge King

RICHARD LADD, et al.,

          Defendants.
```

## REPORT AND RECOMMENDATION

This matter is now before the Court, upon a general order of reference pursuant to 28 U.S.C. § 636(b)(1)(B), *see* S.D. Ohio General Order No. COL: 14-01(IV)(C)(2), for consideration of *Plaintiff Cap City Dental Lab, LLC's Motion to Remand*, ECF 12 ("*Motion to Remand*"), *Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand*, ECF 17 ("*Memo. in Opp.*"), and *Plaintiff Cap City Dental Lab, LLC's Reply Brief in Further Support of Motion to Remand*, ECF 21 ("*Reply*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Remand* be **DENIED**.

**I.  BACKGROUND**

This action was originally filed in the Court of Common Pleas for Franklin County, Ohio, on April 10, 2015. *Notice of Removal*, ECF 1. The *Complaint*, ECF 2, asserts claims of breach of a contract for the purchase of dental appliance products and services from plaintiff, nonpayment of account, unjust enrichment, promissory estoppel, fraud, civil conspiracy, and violation of O.R.C. § 2923.32.  Plaintiff names

1

ten defendants, including, *inter alios*, Christopher Chad Ladd ("Chad Ladd"), Ladd Investments, LLC ("Ladd Investments"), NDL Acquisition, Inc. ("NDL Acquisition"), Northwood Dental Lab, Inc., and Northwood Dental Lab East, Inc. ("Northwood Dental Lab East"). *Complaint*, ¶¶ 4, 8-10, 12.

Upon plaintiff's request, the Franklin County Clerk of Court issued summonses to all defendants. Exhibits E, F, G, attached to the *Motion to Remand*. On April 27, 2015, Northwood Dental Lab East and NDL Acquisition were served at 842 Winston Street, Greensboro, North Carolina 27405 ("the Winston Street property"). Exhibits H and I, attached to *Motion to Remand*; Exhibits A and B, attached to *Memo. in Opp*. The summons directed to Chad Ladd at 4102 Cashell Court, Burlington, North Carolina 27215 ("the Cashell Court address") was returned unexecuted with the notation "RTS." Exhibit J, attached to *Motion to Remand*. The summons directed to Ladd Investments at the Winston Street property was returned unexecuted with the notations "Return to Sender" and "Unable to Forward." Exhibit K, attached to *Motion to Remand*.

On May 15, 2015, Attorney Samir Dahman ("defense counsel") contacted plaintiff's counsel on behalf of defendants Richard Ladd, Chad Ladd, Oral 32 By Design LLC, Northwood Dental Lab East, Northwood Dental Lab, Inc., NDL Acquisition, and Ladd Investments and waived service on behalf of these defendants. *Notice of Removal*, ¶ 2 (citing ECF 1-6, PAGEID#:72). The parties agreed to a 28-day extension of time for these defendants to respond to the *Complaint*. *See* ECF 1-6, PAGEID#:72.

2

On June 12, 2015, defendants Chad Ladd and Ladd Investments removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *Notice of Removal* (representing, *inter alia*, that defendants Richard Ladd, Oral 32 By Design, LLC, Northwood Dental Lab, Inc., NDL Acquisition, and Brittney Martin Ladd consent to removal). Plaintiff now moves to remand this case, arguing that the removal was untimely.

**II. STANDARD**

Under 28 U.S.C. § 1441(a), "'[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending.'" *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)). Federal courts are vested with "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)). The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990).

Ordinarily, a notice of removal must be filed "within 30 days

3

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based[.]" 28 U.S.C. § 1446(b)(1). "The strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (quoting *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (internal quotation marks and citations omitted)). *See also Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F. Supp. 205, 206 (N.D. Ohio 1991) ("The [§ 1446] requirement for timely filing is not jurisdictional, but it is mandatory and must be strictly applied.") (internal quotation marks and citations omitted). "[M]ere receipt of the complaint unattended by any formal service" does not trigger a defendant's time for removing an action. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999). Instead, a defendant's "time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons[.]" *Id*. (internal quotation marks omitted). The removing party bears the burden of demonstrating that the notice of removal is timely. *See*, *e.g.*, *Curry v. Applebee's Int'l, Inc.*, No. 1:09CV505, 2009 U.S. Dist. LEXIS 114143, at *12 (S.D. Ohio Nov. 17, 2009) (quoting *Washington v. Jefferson Tp. Local School Dist. School Bd.*, No. 3:04CV336, 2005 U.S. Dist. LEXIS 45359, at *4 (S.D. Ohio Sept. 19, 2005)). The 30-day period for timely removal begins to run when the plaintiff effects

4

"formal service" of process on the named defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). *See also Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, No. 1:09-CV-2750, 2010 U.S. Dist. LEXIS 12876, at *3 (N.D. Ohio Jan. 26, 2010) ("The Supreme Court has interpreted Section 1446(b) to require formal service of process upon the defendant before the thirty day period begins to run.") (citing *Murphy Bros.*, 526 U.S. 344). "[S]tate law governing formal service of process thus determines the time period for seeking removal." *Freedom Steel, Inc.*, 2010 U.S. Dist. LEXIS 12876, at *3 (citing *Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 680 n.6 (N.D. Ohio 2002); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, Federal Practice and Procedure § 3731, at 502 (4th ed. 2009)). "Ohio courts agree with the Sixth Circuit that actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

**III. DISCUSSION**

Plaintiff argues that defendants Chad Ladd and Ladd Investments (collectively, "the removing defendants") failed to timely remove this action because plaintiff served them with process on April 27, 2015 and the removing defendants did not file the *Notice of Removal* until June 12, 2015, *i.e.,* sixteen days after the 30-day period established by Section 1446(b)(1). *Motion to Remand*, pp. 7-14; *Reply*. The removing defendants disagree, arguing that the date of removal, *i.e.,* June 12, 2015, was only twenty-eight days after they waived service for themselves on May 15, 2015. *See generally Memo. in Opp.*

5

A.   Service on Chad Ladd

The parties disagree whether plaintiff effected service on Chad Ladd on April 27, 2015, at the Winston Street property, which is a business address. Rule 4.2(A) of the Ohio Rules of Civil Procedure provides, in relevant part, that "[s]ervice of process . . . shall be made . . . [u]pon an individual, . . . by serving the individual[.]" "[C]ertified mail service sent to [an individual at his or her] business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated." *Akron-Canton Reg'l Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406 (1980). However, Ohio courts "look suspiciously" at service attempted at a business address because "[t]here are inherently greater risks involved in attempting certified mail at a business rather than at a residence by virtue of the oftentimes numerous intermediate, and frequently uninterested, parties participating in the chain of delivery." *Id*. Accordingly, a continuous physical presence at the business address is required:

> The key principle is that in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served. The business address should not simply be the address of the party's business, it should be the address where the party himself has his own office, or at least where he is continually and regularly physically present most of the time.

*Bell v. Midwestern Educ. Serv., Inc*., 89 Ohio App. 3d 193, 202 (2nd Dist. 1993) (finding service at business address invalid where one individual visited the address twice in an entire year and the other

6

individual never visited the address after 1987).  *See also Thompson v. Kerr*, 555 F. Supp. 1090, 1094 (S.D. Ohio 1982) ("[I]t would be anomalous to hold that service of the original complaint in the within matter was sufficient, when Defendants herein visit the Winters business address only once a month, while the individual sought to be served in *Swinehart* visited the business address two or three times a month."); *Swinehart*, 62 Ohio St.2d at 407 (finding service invalid as to individual where, *inter alia*, he "only sporadically visited the business where service was attempted, usually two or three times per month").  It therefore follows that more than mere ownership of the premises or control and management of the company doing business at the address is required to comport with due process:

> It is certainly not a question of ownership of either the premises or the company engaged in business at the premises. *Swinehart* proved that ownership is legally irrelevant to the issue.
>
> Nor is the control and overall management of the company doing business at the address to which service is directed of any legal significance. . . .
>
> It is insignificant, also, that the appellees here were officers of the corporation.

*Bell*, 89 Ohio App. 3d at 202.

Finally, the Ohio Rules of Civil Procedure require that service sent by certified or express mail be delivered "at the address in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested[.]" Ohio Civ. R. 4.1(A)(1)(a).

In the case presently before the Court, plaintiff contends that it reasonably anticipated that Chad Ladd would be notified of this

7

action through copies of the summons and *Complaint* served at the Winston Street property on April 27, 2015 because Chad Ladd, the statutory agent for defendants NDL Acquisition and Ladd Investments, signed the return receipts for these defendants at this address ("the return receipts"). *Motion to Remand*, pp. 9-10. Plaintiff also contends that it reasonably anticipated notice to Chad Ladd because he owns the Winston Street property, which functions as his business address and serves as the usual place of business for several entities for which he acts in official capacities. *Id*. This Court disagrees.

As discussed *supra*, Chad Ladd's purported ownership of the Winston Street property and the fact that Chad Ladd purportedly acted "in various official capacities" for the entities whose usual place of business was the Winston Street property are irrelevant considerations when determining whether service comported with due process requirements. *See*, *e.g.*, *Bell*, 89 Ohio App. 3d at 202. Moreover, Chad Ladd, who does not live at the Winston Street property, avers that he did not sign the return receipts nor did he accept service on behalf of NDL Acquisition or Northwood Dental Lab East. *Ladd Declaration*, ¶¶ 4-5. Chad Ladd further avers that he has "not regularly visited or had a continual and repeated physical presence at 842 Winston Street, Greensboro, North Carolina 27405, since November of 2014." *Id*. at ¶ 6. Based on this record, service at the Winston Street property does not comport with due process. *See Swinehart*, 62 Ohio St.2d at 406; *Bell*, 89 Ohio App. 3d at 202.

Plaintiff urges this Court to disregard the *Ladd Declaration*, arguing that the evidence is "dubious," and asking for an evidentiary

8

hearing "so that Mr. Ladd can be cross-examined under oath and this Court can test his credibility." *Reply*, pp. 1-3. These requests are not well-taken.

Plaintiff first contends that Chad Ladd "fails to submit any explanation of *who* it was who signed the return receipts" and that he fails "to submit a Declaration of the alleged signatory." *Id*. (emphasis in the original). According to plaintiff, "[i]t is Mr. Ladd's burden to prove that it is not his signature appearing on the receipts." *Id*. at 8. However, plaintiff cites to no authority for the proposition that a declaration from the individual disputing service must be deemed deficient or otherwise requires the removing defendants to produce an affidavit from the person who signed the return receipts.

Plaintiff further argues that it is "highly coincidental" that someone other than Chad Ladd signed the return receipts "at the place of business of Mr. Ladd's business operations," and which is the same place where Chad Ladd met with other parties in this action "as recently as November of 2014 to develop their business relationship." *Id*. at 1-2 (citing ECF 1, Exhibit 5, ¶¶ 44-47). This argument is also unavailing. Plaintiff's suggestion that these events are not really coincidental is based on nothing more than its own rank speculation. Moreover, even if Chad Ladd met with certain parties in November 2014 at the Winston Street property, that single contact is not sufficient to justify service that comports with due process requirements. *See*, *e.g.*, *Thompson*, 555 F. Supp. at 1094 (finding that service was insufficient where defendants visited the business address once a

9

month); *Swinehart*, 62 Ohio St.2d at 407 (finding service at business address was invalid where individual visited approximately two or three times per month); *Bell*, 89 Ohio App. 3d at 202 (finding service at business address invalid where one individual visited the address twice in an entire year and the other individual never visited the address after 1987).

Plaintiff also urges this Court to compare signatures on other documents with the signatures on the return receipts, characterizing those signatures as are "strikingly similar," and suggesting that the signatures establish that Chad Ladd signed the return receipts. *Reply*, pp. 2-3 (citing Exhibits A, B, C, D, E, F, G, attached thereto). Recognizing differences in the signatures, however, plaintiff tries to explain away those differences: "It is not a stretch of the imagination that a person signing an electronic pad or a small certified mail certificate might tend to write their signature in a quick and sloppy manner." *Id*. at 3. Plaintiff's arguments are again unavailing.

As an initial matter, plaintiff has not authenticated the exhibits upon which it relies, which the *Reply* represents include deeds of trusts and copies of annual reports from the North Carolina Secretary of State. *See id*. at 2. *Cf*. Fed. R. Evid. 902; *Osadciw v. Ganley Chrysler Jeep*, No. 1:09-CV-00486, 2010 WL 3767590, at *8 (N.D. Ohio Sept. 24, 2010) (stating that domestic public documents are self-authenticating only if they bear a state seal or if a public officer certifies under seal that the signer has the official capacity and that the signature is genuine, or if the custodian (or another person

authorized to make the certification) certifies the documents as correct) (citing Fed. R. Evid. 902).  Even if the Court were to consider these unauthenticated exhibits, plaintiff's comparison of the signatures is again based on nothing more than speculation.

Plaintiff also questions the *Ladd Affidavit* as "self-serving" and urges this Court to "question the veracity of Mr. Ladd's statements in his Declaration" because plaintiff has alleged that "defendants have engaged in a pattern of fraud and deception" and because of alleged similarities between Chad Ladd's signature and the signature on the return receipts.  *Reply*, pp. 7-8.  This Court disagrees.  Plaintiff's assertion that this Court should reject the *Ladd Declaration* because of alleged similarities in signatures is unavailing for the reasons previously discussed.  Moreover, the Court is unaware of any authority, and the plaintiff has not cited to any such authority, permitting it to reject a properly executed affidavit in light of another party's unsworn allegations.

Plaintiff requests an evidentiary hearing, contending that the Court need not accept the *Ladd Declaration* as true and that "Ohio courts have repeatedly held that where a defendant files an affidavit testifying that he never received service of process and that he did not receive mail at that address, the trial court must hold an evidentiary hearing."  *Reply*, p. 3 (citing *Rite Rug Co. v. Wilson*, 106 Ohio App.3d 59, 64 (10th Dist. 1995); *Rogers v. United Presidential Life Ins. Co.*, 36 Ohio App.3d 126, 126 (10th Dist. 1987); *Lin v. Reid*, 11 Ohio App.3d 232, 233 (10th Dist. 1983)).  However, the cases on which plaintiff relies involved evidentiary hearings in the context of

11

motions to vacate default judgments or Rule 60(B) motions and are therefore inapposite. Although this Court has wide discretion to conduct limited evidentiary hearings to resolve disputed jurisdictional facts, *see Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990), nothing in the present record persuades this Court that an evidentiary hearing is necessary. Stated differently, plaintiff's allegations of "highly coincidental" circumstances and speculation about signatures do not warrant an evidentiary hearing.

Plaintiff nevertheless argues that, even if Chad Ladd did not sign the return receipts, the identity of the signatory is irrelevant because "*Swinehart* demonstrates that actual identity of the person who signed the return receipts is irrelevant when determining whether service was perfected." *Reply*, p. 4.

> At the very least, another individual located at the business office of Christopher Chad Ladd and Ladd Investments, LLC received the documents and forwarded them to Mr. Ladd, who was then put on notice of the pending litigation and retained counsel to enter an appearance and defend him and the limited liability company.

*Id*. Plaintiff's reliance on *Swinehart* in this regard is misplaced. *Swinehart* authorizes certified mail service sent to a business address if the circumstances are such that successful notification can be reasonably anticipated. *Swinehart*, 62 Ohio St.2d at 406 (noting further the "inherently greater risks involved in attempting certified mail service at a business"). Service at a business address on an individual who only "sporadically" visits that address does not comport with due process. *Id*. at 407. As noted *supra*, Chad Ladd does not reside at the Winston Street address and has not regularly visited or had a continual and repeated physical presence at that address.

While plaintiff speculates, without foundation, that an unknown individual must have forwarded the service documents to Chad Ladd, that speculation does not establish that notification of service at the Winston Street address could be reasonably anticipated.  Finally, even if Chad Ladd had actual knowledge of this action, "actual knowledge and lack of prejudice cannot take the place of legally sufficient service."  *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Plaintiff also argues that service of process addressed to NDL Acquisition and Northwood Dental Lab East functioned as effective service upon Chad Ladd.  *Motion to Remand*, pp. 10-13 (citing *Riley v. Clark*, 4th Dist. No. 98CA2629, 1999 WL 1052504 (Nov. 10, 1999)).  In *Riley*, a complaint for legal malpractice named four individuals and the law firm as defendants in their "capacities as individuals and/or partners, individually, jointly and severally."  *Riley*, 1999 WL 1052504, at *2.  While the plaintiffs attempted to serve all of the defendants by certified mail at the law firm's business office, only two individual defendants accepted service at that address and "the postal service returned the complaint addressed to the firm with the notation 'attempted not known, no longer in existence.'"  *Id*.  The *Riley* plaintiffs served the other two individual defendants at their residences.  *Id*.  The plaintiffs in *Riley* made no further attempt to serve the law firm.  *Id*.  The trial court dismissed the complaint against the firm for failure to effect service of process.  *Id*.  On appeal, the plaintiffs argued that "by serving partners of the firm, they satisfied the requirements of Civ. R. 4.2(G) for service of

13

process upon a partnership." *Id*. at *3.  The Fourth District Court of Appeals agreed:

> We also reject [defendant] Rodeheffer's argument that the [plaintiffs] Rileys originally intended to serve the individual partners only in their individual capacities, and that such an intent prevents the Rileys from later characterizing the individual service as service upon the firm. Rodeheffer asserts that the fact that the Rileys originally sent a separate complaint to the firm evidences their intent that each individual service applied only to the individual partner who accepted that service.
>
> Rodeheffer cites no authority for his contention that service upon an individual cannot also function as service upon a partnership to which that individual belongs. In fact, the only authority Rodeheffer cites stands for the opposite conclusion; that service "reasonably calculated" to reach the interested parties is constitutionally valid. *Akron-Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403.
>
> Paragraph one of the Rileys' complaint clearly identifies their intent to initiate suit against the attorneys in their capacities both as individuals and as partners in the firm. The Rileys sent their complaint, by certified mail, to four named partners in the firm, a method reasonably calculated to give actual notice of their lawsuit. Thus, based upon Civ.R. 4(G), we find that the Rileys effectively served their complaint upon the firm when the individual partners accepted service. The trial court erred as a matter of law by refusing to recognize service upon the partners as service upon the firm.

*Id*. at *4.

In the case presently before the Court, plaintiff contends that, under *Riley*, service of process addressed to NDL Acquisition and Northwood Dental Lab East functioned as effective service upon Chad Ladd.  *Motion to Remand*, pp. 10-13; *Reply*, pp. 11-13.  This Court disagrees.  *Riley* is inapposite.  Here, plaintiff's arguments rely on its assertion that Chad Ladd received and accepted service on behalf of these two entities.  *See id*.  However, for all of the reasons discussed *supra*, nothing in the record establishes that Chad Ladd

signed the return receipts or otherwise accepted service on behalf of NDL Acquisition and Northwood Dental Lab East. Under these circumstances, the Court cannot conclude that plaintiff effected service on Chad Ladd at the Winston Street address on April 27, 2015.

    **B.   Service on Ladd Investments**

Plaintiff contends that it effected service on Ladd Investments when it served Northwood Dental Lab East and NDL Acquisition at the Winston Street property because Chad Ladd, the statutory agent, manager, and member of Ladd Investments, signed the return receipt. *Motion to Remand*, pp. 7-8. However, for the reasons previously discussed, the present record does not establish that Chad Ladd signed the return receipts.

Plaintiff also argues that Ohio Civ. R. 4.2(G) permits plaintiff to serve Ladd Investments at its usual place of business, *i.e.,* the Winston Street property. *Motion to Remand*, pp. 7-8. Plaintiff contends that the summons and *Complaint* were delivered by certified mail to that address on April 27, 2015, and Ladd Investments was served with formal process. *Id*. at 8 (citing Exhibit H and I, attached thereto). However, plaintiff does not point to a return receipt signed on behalf of Ladd Investments, but instead relies on return receipts for NDL Acquisition and Northwood Dental Lab East when arguing that service was effected on Ladd Investments on that date. *See id*. Moreover, for the reasons discussed *supra*, service of process addressed to NDL Acquisition and Northwood Dental Lab East does not function as effective service upon Ladd Investments.

In short, the record presently before the Court does not

15

establish that the removing defendants were served on April 27, 2015 at the Winston Street property.  Instead, the removing defendants' waiver of service on May 15, 2015, triggered the 30-day period for removing this action. *See* 28 U.S.C. § 1446(b)(1). Therefore, removal of this action on June 12, 2015 was timely.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiff Cap City Dental Lab, LLC's Motion to Remand*, ECF 12, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 16, 2015                          *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge