UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAP CITY DENTAL LAB LLC,

        Plaintiff,

v.

RICHARD LADD, et al.,

        Defendants.

Civil Action 2:15-cv-2407
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendants Richard Ladd and Oral32's Motion to Dismiss Plaintiff's nine claims against them. For the reasons that follow, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**.

### I. BACKGROUND

Plaintiff Cap City Dental Lab LLC ("Cap City" or "Plaintiff") commenced this action against Richard Ladd ("Rickey Ladd"); Christopher Ladd ("Chad Ladd"); Britney Martin Ladd; Oral32 by Design, LLC ("Oral32"); NDL Acquisition, Inc.; Northwood Dental Lab, Inc.; Northwood Dental Lab East, Inc.; Northwood Dental Labs of Central North Carolina, LLP; Ladd Investments, LLC; Global Dental Services, LLC (collectively, "Defendants") on April 15, 2015 (ECF No. 2).

This case was initially filed in the Franklin County Court of Common Pleas and removed to the Southern District of Ohio based upon diversity jurisdiction. The Amended Complaint alleges: (1) breach of contract; (2) account; (3) unjust enrichment; (4) promissory estoppel; (5) fraud and misrepresentation; (6) civil conspiracy; (7) violation of the Ohio Corrupt Practices Act; (8) piercing the corporate veil; and (9) fraudulent transfer.

1

Cap City sells dental products and services from Columbus, Ohio. Am. Compl. ¶ 1. Oral32 is a dental laboratory that operates from Greensboro, North Carolina, and Rickey Ladd is a member and statutory agent of Oral32. *Id.* ¶¶ 6, 38. Rickey Ladd is the father of Chad Ladd, who is the president and statutory agent of Defendant NDL Acquisition, Inc.; member, statutory agent, and manager of Defendant Ladd Investments, LLC; president, director, and statutory agent for Defendant Northwood Dental Lab East, Inc.; statutory agent for Defendant Global Dental Services, LLC.; and statutory agent for Defendant Northwood Dental Labs of Central North Carolina, LLP. *Id.* ¶¶ 19-21, 26, 29, 32. Defendants Global Dental Services, LLC.; Northwood Dental Lab East, Inc.; and Northwood Dental Labs of Central North Carolina, LLP administratively dissolved by the time Plaintiff filed the amended complaint. *Id.* ¶¶ 30, 34-35.

A few weeks after Rickey Ladd formed Oral32, Cap City alleges that Defendants contacted the company and requested dental appliance products and services. *Id.* ¶ 39. Defendants submitted requests for products and services through written work authorizations, called prescriptions. *Id.* ¶ 40. Cap City alleges that Defendants sent over 250 prescriptions between November 5, 2014 and December 15, 2014. At least three of those prescriptions came from Oral32. *Id.* ¶¶ 40-41. Cap City contends that the same employee, Amanda Dunkelberger, submitted a prescription from Northwood Dental Lab and Oral32. *Id.* ¶ 42. Irrespective of which company submitted the prescription, Plaintiff sent all completed work to 842 Winston Street, Greensboro, North Carolina 27405 (the "Winston Street Property"). *Id.* ¶¶ 22, 45. Cap City alleges it received no payment for the dental appliance products and services sent to Defendants. *Id.* ¶ 66.

Between November 5, 2014 and December 15, 2014, Plaintiff alleges that Defendants "made numerous oral and written representations that they would pay Plaintiff for the dental

2

appliance products and services." *Id.* ¶ 43. On November 28, 2014, a managing member of Cap City, Chris Pendry ("Pendry"), met with Rickey Ladd and Chad Ladd at the Winston Street property. The parties scheduled the meeting to develop their business relationship. Cap City indicates that Pendry saw no employees were present and no dental products were visible. *Id.* ¶ 52. After this meeting, Cap City alleges it continued its business relationship with Defendants until December 15.

Cap City further alleges that it continued to make unsuccessful efforts to collect the balance owed by contacting Chad Ladd and Rickey Ladd. *Id.* ¶ 55. Plaintiff sent invoices and monthly statements to Defendants to indicate the balance owed, which Plaintiff attached to the Amended Complaint as Exhibit C and Exhibit D. *Id.* ¶¶ 48. In further attempts to collect the balance, Cap City called the phone number listed on Defendant's prescriptions. Cap City alleges that on one instance, "the person answering the phone told Plaintiff the company was no longer Northwood Dental Lab but instead it was Oral32 By Design, and that despite the new name it was the same people and same service." *Id.* ¶ 58. Additionally, Plaintiff alleges that in late 2014 of early 2015, Northwood Dental Lab's website became inoperative. *Id.* ¶ 59. As of the filing of the amended complaint, Cap City received no payment for the dental appliance products and services sent to Defendants. *Id.* ¶ 66.

Cap City demands relief against the Defendants, jointly and severally, for "the sum of thirty-two thousand two hundred eighty-nine and 00/100 Dollars ($32,289.00) on the principal amount, pre-filing interest of one thousand eight hundred fifty-eight and 82/100 Dollars ($1,858.82), interest accrued during litigation from the time of filing, post-judgment interest, attorney fees, and costs." *Id.* ¶ 72.

On December 4, 2015, Defendants Rickey Ladd and Oral32 (hereinafter, "Defendants") moved to dismiss each of the nine counts against them (ECF No. 40). This case was reassigned to the undersigned on May 2, 2016 (ECF No. 61).

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts. *Erickson v. Pardus*, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted). As stated by the First Circuit and cited approvingly by *Scheid*: [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist. Id.

### III. DISCUSSION

Defendants now move under Federal Rule of Civil Procedure 12(B)(6) to dismiss all of Plaintiff Cap City's claims against them. The Court addresses each claim *ad seriatum*.

#### A. Breach of Contract

Cap City alleges that Oral32 breached "oral and written agreements" by failing to pay for the products and services provided by Cap City. Am. Compl. ¶¶ 69-71. In Ohio, an action for a breach of contract has four elements: "(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *Alshaibani v. Litton Loan Servicing*, LP, No. 2:12-CV-063, 2012 WL 3239088, at *2 (S.D. Ohio Aug. 7, 2012), aff'd, 528 F. App'x 462 (6th Cir. 2013). Oral32 contends that Cap City fails to allege plausible facts to support its allegations.

Here, the primary issue is the existence of a contract. Defendants argue that no binding contract exists; Cap City alleges "a series of oral and written representations" established a

binding contract. Am. Compl. ¶ 69. Plaintiff argues that the parties entered into an implied-in-fact contract, which requires each element of a contract and that the "contract . . . may be proved by showing that the circumstances surrounding the parties' transactions make it reasonably certain that an agreement was intended." *MMK Grp., LLC v. SheShells Co., LLC*, 591 F. Supp. 2d 944, 958 (N.D. Ohio 2008). Plaintiff offers prescriptions, which indicate Oral32 as the recipient of dental products, and Plaintiff describes a business meeting, where Cap City continued the business relationship after the meeting. In response, Defendants challenge the facial validity of Cap City's pleadings as to the formation of any contract. Defendants arguments are not well taken because Oral32 is specifically listed on the prescription, and Rickey Ladd admitted that he was at the meeting with Plaintiff. Am. Compl. Ex. A1-3. These facts, taken as true, demonstrate that Oral32 was reasonably certain that an agreement was intended with Cap City. Thus, Plaintiff properly pleads the existence of a contract between Defendants and itself.

Next, Oral32 argues that Plaintiff fails to adequately plead the second element of performance by the plaintiff and the third element of breach by the defendant. In the Amended Complaint, Plaintiff claims to have delivered the products as requested by the Defendant. Am. Compl. ¶ 44. Also, Plaintiff claims Defendants refused to pay for the requested products and services. Am. Compl. ¶ 71. In response, Oral32 contends that Cap City failed to differentiate between Oral32 and other companies. However, Plaintiff alleges that Defendants actually created the prescriptions, and that Oral32 used the same address and employee as the other companies. Am. Compl. ¶¶ 42, 46. Thus, Plaintiff alleges adequate facts to plausibly support its legal claims for the second and third elements.

Because Plaintiff's claim for breach of contract is plausible on its face, Defendants' motion to dismiss the claim is **DENIED**.

### B. Account, Unjust Enrichment, Promissory Estoppel

Cap City's claims for account, unjust enrichment and promissory estoppel are premised upon the same factual allegations as the breach of contract claim. Generally, Ohio law holds that "the existence of a contract excludes the opportunity to present the same case as a tort claim." *Bartell v. LFT Club Operations Co.*, No. 2:14-CV-00401, 2015 WL 1730415, at *8 (S.D. Ohio Apr. 14, 2015) (citing *Wolfe v. Continental Cas. Co.*, 647 F.2d 705 (6th Cir. 1981)). A tort action based on the same acts or omissions as a breach of contract action may proceed as an independent claim "only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151, (Ohio Ct. App. 1996).

Upon consideration, the Court finds that Cap City's account, unjust enrichment and promissory estoppel claims are not based on a well-pled independent duty owed separately from the alleged contract. As a result, Defendants' motion to dismiss the three claims is **GRANTED**.

### C. Fraud and Misrepresentation

Defendants challenge Cap City's fraud claim for failing to meeting the heightened Federal Rule of Civil Procedure 9(b) pleading standard.

The elements of a fraud claim are: "(1) a representation, failure to disclose, or concealment of a material fact; (2) made falsely, with knowledge of, or a reckless attitude toward, its falsity; (3) with the intent of misleading another to rely on it; (4) actual and justifiable reliance; and (5) resulting injury caused by the reliance." *Medpace, Inc. v. Biothera, Inc.*, No. 1:12-CV-179, 2015 WL 1474985, at *14 (S.D. Ohio Mar. 31, 2015) (citing *Kehoe Component Sales, Inc. v. Best Lighting Prods., Inc.*, 933 F.Supp.2d 974, 1008 (S.D. Ohio 2013)). In order to satisfy 9(b)'s particularly requirement, "a party must 'allege the time, place, and content of the

7

alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of [the other party]; and the injury resulting from fraud.'" *Equal Justice Found. v. Deutsche Bank Trust Co. Americas*, No. C2-04-228, 2006 WL 2795211, at *4 (S.D. Ohio Sept. 27, 2006) (*quoting Coffey v. Foamex*, 2 F.3d 157, 161-62 (6th Cir. 1993)). In other words, the complaint "must contain, at a minimum, the 'who, what, when, where, and how of the alleged fraud.'" *Id.* (*quoting Sanderson v. HCA*, 447 F.3d 873, 877 (6th Cir. 2006)).

The Sixth Circuit "reads this rule liberally," requiring plaintiffs to allege, "at a minimum," the "time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendants; and the injury resulting from fraud." *Kiker v. Smithkline Beecham Corp.*, No. 2:14-CV-2164, 2015 WL 5768389, at *5 (S.D. Ohio Sept. 30, 2015) (internal citations omitted) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* The "threshold test" for determining the sufficiency of a fraud claim is "whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendants to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *Id.* at *5 (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal citation omitted)).

"Promises of future payment are not representations of fact for purposes of a fraud analysis, unless the maker of the promise knows as he makes it that he does not intend to keep it." *Oak Acres Nursery, LLC v. Stinchcomb Nursery Sales*, Inc., No. 3:11 CV 609, 2013 WL 391175, at *10 (N.D. Ohio Jan. 30, 2013). To prove that Oral32 did not intend to keep the promise of payment, Cap City must provide more proof than just financial condition at the time

8

of the promise. *Id.* Proving Defendant's intent at the time of their promise is a difficult task. Nonetheless, this action is at the pleading stage, where Cap City can plead intent generally, according to Federal of Civil Procedure Rule 9(b). *See Rheinfrank v. Abbot Labs.*, No. 1:13-CV-144, 2013 WL 4067826, at *4 (S.D. Ohio Aug. 12, 2013) ("Scienter may be alleged generally, but there must be factual allegations to make scienter plausible.").

In its pleadings, Cap City alleges a scheme of forming and dissolving various, similarly-named companies. Am. Compl. ¶¶ 14-37. Next, Cap City alleges that Defendants made "numerous written and oral representations that they would pay Plaintiff for the dental appliance products and services." Am. Compl. ¶ 43; *see Martin v. Ohio State Univ. Found.*, 139 Ohio App. 3d 89, 98 (Ohio Ct. App. 2000) (finding numerous misrepresentations that appellee would pay appellant was sufficient to support fraudulent intent). Plaintiff also alleges a meeting between Cap City and Defendants, where Cap City continued its business relationship with Defendants after the meeting. Am. Compl. ¶ 51. Based on such pleadings, Plaintiff demonstrates that it is plausible that Defendants, when making the promise, did not intend to actually pay Cap City. Here, Defendants have notice "of why they are being sued and are capable of preparing a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 681 (6th Cir. 1988) (upholding the denial of a motion to dismiss a fraud claim when the pleading party, without discovery, was ignorant to a specific factual detail). Thus, Plaintiff's allegation that Defendants would pay satisfies the heightened pleading requirements for fraud.

Accordingly, Defendants' motion to dismiss Cap City's fraud action is **DENIED**.

### D. Civil Conspiracy

To establish a claim for civil conspiracy, the claimant needs to demonstrate that "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4)

existence of an unlawful act independent from the actual conspiracy." *In re Nat'l Century Fin. Enterprises, Inc.*, 504 F. Supp. 2d 287, 326 (S.D. Ohio 2007) (citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292, 629 N.E.2d 28, 33 (Ohio Ct.App.1993)) (quotations omitted). Plaintiff sufficiently pleads injury in the form of not receiving payment for its products and services and Defendants do not challenge this element.

First, Defendants argue that Cap City failed to properly allege a malicious combination to support a claim for civil conspiracy. Demonstrating the existence of a malicious combination does not require an express agreement between conspirators; instead, a common understanding or design to commit an unlawful act will suffice to show a malicious combination. *Id.* In other words, there must be a "common conspiratorial objective." *Id.* (quoting *Aetna Cas. and Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 538 (6th Cir.2000)). Likewise, the existence of a common understanding or agreement is provable through circumstantial evidence. *Id.* Oral32 argues that Cap City failed to allege sufficient factual allegations to support the existence of a malicious combination. However, "[a]mong the factors a fact finder may consider in inferring a conspiracy are the relationship of the parties, proximity in time and place of the acts, and the duration of the actors' joint activity." *Id.* (citing *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 828 F.Supp. 216, 225 (S.D.N.Y.1993)). In the Amended Complaint, Cap City alleges the relationships among the individual defendants and the various companies. Am. Compl. ¶¶ 98-102. Also, Plaintiff allegedly sent all requested products and services to the Winston street address because Oral32 and Chad Ladd's companies used the same address. Am. Compl. ¶ 45. Additionally, Cap City alleges that Oral32 and Chad Ladd's various companies began ordering products and services on November 5, 2014, (Am. Compl. ¶ 43), and that Rickey Ladd and Chad Ladd met with a managing member of Cap City on November 24, 2014 (Am.

Compl. ¶ 51). Defendants allegedly met with Cap City nineteen days after the business relationship began, which indicates that Rickey Ladd and Chad Ladd worked together for some amount of time. Thus, the Amended Complaint supports a plausible inference of a malicious combination among Defendants in this action.

Next, this Court considers Defendants' arguments about whether Cap City properly alleges the second element of two or more persons involved in the alleged civil conspiracy. Oral32 argues that Plaintiff has not addressed Oral32's involvement in the conspiracy because the invoice only lists "NORTHWDL." Defendant's argument is not well taken because the attached prescriptions indicate Oral32 as the requesting party. Am. Compl. Ex. A1-3. Also, Rickey Ladd and Chad Ladd met with Cap City at the November meeting, which suggests that more than just Chad Ladd's companies were invested in the business relationship with Cap City. Thus, this Court finds that Plaintiff plausibly establishes the second element.

Lastly, this Court analyzes the existence of an unlawful act independent of the civil conspiracy. "An underlying unlawful act is required before a civil conspiracy claim can succeed." *Bradley v. Miller*, 96 F. Supp. 3d 753, 767 (S.D. Ohio 2015) (citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859, 868 (1998)). Plaintiff alleges, by incorporation and in its count for civil conspiracy, that "theft by deception, breach of contract, failing to pay on an account, unjust enrichment, promissory estoppel, fraud, and violations of Ohio Revised Code Sections 2923.32, 2923.34, 1315.55, 2913.02, 2913.05, and 2913.51" underlie the claim. Am. Compl. ¶ 121. Thus, Plaintiff adequately established the fourth element of civil conspiracy.

Accordingly, Defendants' motion to dismiss Cap City's civil conspiracy action is **DENIED**.

### E. Violation of the Ohio Corrupt Practices Act ("OCPA"), Piercing the Corporate Veil, and Fraudulent Transfer

The Court has considered at length the sufficiency of the pleadings with respect to Federal Rule of Civil Procedure 12(b)(c) as against Defendants Christopher "Chad" Ladd ("Chad Ladd"), NDL Acquisition, Inc., Northwood Dental Lab, Inc., Northwood Dental Lab East, Inc., and Ladd Investments, LLC (ECF No. 62, at pp. 15-28). Courts consider Rule 12(c) motions under the same standard of review applicable to a Rule 12(b)(6) motion for dismissal. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); s*ee also Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005); *Ferron v. Zoomego, Inc.*, 276 F.App 473, 475 (6th Cir. 2008) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

Plaintiff does not distinguish between its allegations with respect to specific defendants on the violation of the Ohio Corrupt Practices Act, piercing the corporate veil and fraudulent transfer claims. As a result, for the reasons enumerated in the Court's Opinion and Order, dated September 1, 2016, and summarized below, the Court finds the following:

- To bring a viable civil claim under the OCPA, a plaintiff must plead the following elements with particularity: "(1) that conduct of the defendant[s] involves the commission of two or more specifically prohibited state or federal criminal offenses, (2) that the prohibited criminal conduct ... constitutes a pattern of corrupt activity, and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in the control of an enterprise." *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 913 (S.D. Ohio 2013) (citing *Kondrat v. Morris*, 118 Ohio App.3d 198, 692 N.E.2d 246, 253 (1997)). Here, Plaintiff has adequately pled only theft by deception and

receiving stolen property as criminal offenses, which constitute a single event and cannot support a pattern of corrupt activity within the meaning of the OCPA. As a result, Defendants' Motion to Dismiss is **GRANTED** with respect to Plaintiff's OCPA claim.

- Piercing the corporate veil under Ohio law requires: (1) control over the corporation by those to be held liable was complete; (2) control was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 513 (Ohio 2008). This Court has previously held that "each basis for piercing the corporate veil is an independent ground of recovery that must be specifically pleaded. As such, each element of the *Belvedere* test must be sufficiently well-pleaded 'showing that the pleader is entitled to relief[.']" *Orrand v. Kin Contractors,* LLC, No. 2:09 CV 1129, 2011 WL 1238301, at *4 (S.D. Ohio Mar. 30, 2011) (quoting Fed. R. Civ. P. 8(a)(2) [*Belvedere Condo. Unit Owners' Ass'n. v. R. E. Roark Cos., Inc.*, 617 N.E. 2d 1075, 1085 (Ohio 1993)]). Here, Plaintiff adequately pleads the second and third elements. Therefore, Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's attempt to pierce the corporate veil, to the extent that such veil-piercing is premised on a viable claim for fraud.
- §1336.04 of the Ohio Revised Code provides two general ways for a plaintiff to bring an action for fraudulent transfer. *Blood v. Nofzinger*, 162 Ohio App. 3d 545, 557 (Ohio Ct. App. 2005). An "actual intent" claim under §1336.04(A)(1) requires a showing of "(1) a conveyance or incurring of a debt; (2) made with

actual intent to defraud, hinder, or delay; (3) present or future creditors." *Id.* at 557. In contrast, a plaintiff may properly allege a "constructive intent" fraudulent transfer under §1336.04(A)(2) if:

> no reasonably equivalent value was received in exchange for the transfer and if one of the following applies: (a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; (b) The debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

*Id.* at 560.

Here, Plaintiff fails to plead with sufficient intent either actual or constructive intent with respect to fraudulent transfer on the part of the Defendants. As a result, the Defendants' Motion to Dismiss is **GRANTED** with respect to Plaintiff's fraudulent transfer claim.

### III. CONCLUSION

For the reasons stated, Defendants' motion to dismiss Plaintiff's claims (ECF No. 40) is **GRANTED in part and DENIED in part** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

9-1-2016
**DATED**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**